IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES KEETCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. _____ |
| JANSSEN PHARMACEUTICA, L.P., ELI ) | |
| LILLY & CO., INC., BRISTOL MYERS ) | State Court Case No.052-9208 |
| SQUIBB CO., DR. SHAZIA MALIK, DR. ) | |
| JAMES MIKOLAJCZAK ) | |
| and DR. LAWRENCE KUHN, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1332, 1441, 1446 and 1453, defendant Eli Lilly and Company ("Lilly") (improperly identified in Plaintiff's Original Petition as "Eli Lilly & Co., Inc.") hereby removes this action, with full reservation of all defenses, from the Circuit Court of the City of St. Louis, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division. In support of this Notice, Lilly states as follows:

### INTRODUCTION

1. This is one of many cases that have been filed recently in both federal and state courts around the country involving the prescription medication Zyprexa®. On April 14, 2004, the Judicial Panel on Multidistrict Litigation ("the Panel") directed that then-pending Zyprexa® cases be transferred and coordinated for pretrial proceedings in the United States District Court for the Eastern District of New York, before the Honorable Jack Weinstein pursuant to 28 U.S.C. § 1407. *See* Transfer Order, *In re Zyprexa Products Liability Litigation*,

-1-

MDL 1596 (E.D.N.Y.) (attached as **Exhibit A**). Additional Zyprexa® cases pending in federal court that involve questions of fact common to the actions previously transferred are treated as potential tag-along actions. *See id; see also* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001). Several hundred cases have been transferred as tag-along actions, some of which have been removed as a result of fraudulent joinder of a treating physician. Lilly intends to seek transfer of this case to the Zyprexa® multidistrict ("MDL") proceeding. Lilly will request that the Panel separate and remand to this Court the claims asserted against Defendant Janssen Pharmaceutica regarding its drug Risperdal and the claims against Defendant Bristol Myers Squibb regarding its drug Abilify.

2. On or about August 24, 2005, plaintiff James Keetch ("plaintiff") commenced this action by filing a Petition in the Circuit Court of the City of St. Louis, Missouri. Plaintiff filed an Amended Petition on October 5, 2005. Plaintiff claims "severe, permanent and disabling injuries and related damages," allegedly arising from ingestion of Zyprexa®. (Am. Petition at ¶ 50.)

3. As more fully set out below, this case is properly removed to this Court under 28 U.S.C. § 1441, because Lilly has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

## NOTICE OF REMOVAL IS TIMELY

4. The Amended Petition was served on Lilly on September 21, 2005. Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1441.

## THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

6. There is complete diversity between plaintiff and the properly-joined defendant to this action.

    a. Plaintiff is, and at the time of the filing of this action was, a citizen of the State of Missouri. (Am. Petition at ¶ 2.)

    b. Janssen Pharmaceutica is, and at the time of filing of this action was, organized under the laws of the State of New Jersey with its principal place of business in the State of New Jersey and thus, for jurisdictional purposes, is a citizen of New Jersey.

    c. Bristol Myers Squibb is, and at the time of filing of this action was, a corporation existing under the laws of the State of Delaware with its principal place of business in the State of New York and thus, for jurisdictional purposes, is a citizen of the States of Delaware and New York.

    d. Lilly is, and at the time of filing of this action was, a corporation existing under the laws of the State of Indiana with its principal place of business in the State of Indiana and thus, for jurisdictional purposes, is a citizen of Indiana.

    e. Upon information and belief, Shazia Malik, M.D., James Mikolajczak, M.D., and Lawrence Kuhn, M.D. ("the Physician Defendants") are, and at the time of filing of this action were, citizens of the State of Missouri. (Am. Petition at ¶¶ 6-8.) For the reasons set forth below, however, the citizenship of the Physician Defendants should be disregarded pursuant to the doctrines of fraudulent joinder and fraudulent misjoinder.

7. The Physician Defendants are fraudulently joined.

    a. Under 28 U.S.C. § 1441(b), an action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The doctrine of fraudulent joiner prevents plaintiff from defeating

federal diversity jurisdiction simply by naming in-state defendants. Under this doctrine, in determining whether there is complete diversity, a court must disregard the citizenship of those defendants "when there exists no reasonable basis in fact and law supporting a claim against" the in-state defendant. *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002).

        b.     To determine whether the Physician Defendants have been fraudulently joined, the Court must "determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Filla v. Norfolk Southern Ry.*, 336 F.3d 806, 811 (8th Cir. 2003).

        c.     Plaintiff alleges that Lilly is liable under various theories for failing to warn and/or misrepresenting the alleged health risks of Zyprexa® to patients and physicians. (Am. Petition at ¶¶ 47-73.) Plaintiff further alleges that the Physician Defendants did not have knowledge of Lilly's alleged failure to warn or alleged misrepresentations regarding Zyprexa®. (Am. Petition at ¶ 33.) Moreover, plaintiff alleges that the Physician Defendants had a right to rely on Lilly's statements, representations and advertisements regarding Zyprexa® and justifiably relied on the same. (Am. Petition at ¶¶ 31, 33, 65.) Thus, there is no reasonable likelihood that plaintiff will prevail on his claim for negligence against the Physician Defendants for prescribing Zyprexa® when his factual allegations assert that the Physician Defendants were not aware of alleged health risks of Zyprexa®, that the Physician Defendants had a right to rely on Lilly's statements, representations and advertisements and that the Physician Defendants justifiably relied on the same. *See Omobude v. Merck & Co.*, No. 3:03-CV-528LN, slip op. at 4 (S.D. Miss. Oct. 3, 2003) (holding that physician was fraudulently joined where plaintiff alleged that "Merck withheld and concealed and misrepresented the true facts regarding Vioxx; and yet,

without alleging any factual basis for the charge, plaintiff conclude[d] that [the physician] 'knew or should have known' the truth about Vioxx ....") (attached as **Exhibit B**).

8. The Physician Defendants are also fraudulently misjoined under FRCP 20.

a. Even if the Court finds that the Physician Defendants are not fraudulently joined, their joinder does not defeat removal because they are also fraudulently misjoined. Rule 20 of the Federal Rules of Civil Procedure limits the permissive joinder of parties to claims "arising out of the same transaction, occurrence, or series of occurrences." When a court concludes that joinder is improper because the parties' claims do not arise from the same transactions, it should order severance under F.R.C.P. 21. *See* James Wm. Moore, *Moore's Federal Practice,* § 20.02[6][d] (3d ed. 1997).

b. In his Petition, plaintiff alternatively claims that the Physician Defendants failed to properly follow the prescribing information for Zyprexa®, failed to properly monitor plaintiff after prescribing Zyprexa®, and failed to properly diagnose, treat and evaluate plaintiff after plaintiff's Zyprexa® use. (Am. Petition at ¶¶ 61, 62.)

c. In contrast, plaintiff's claims against Lilly are product liability claims premised on an alleged failure to properly warn or alleged misrepresentation of the health risks allegedly associated with Zyprexa®. (Am. Petition at ¶¶ 47-73.)

d. Thus, plaintiff's claims arising out of the Physician Defendants' care and treatment of plaintiff do not arise out of the same "transaction or occurrence" as his claims against Lilly and are fraudulently misjoined with the claims against Lilly. *See In re Rezulin Prods. Liab. Litig.,* 168 F. Supp. 2d 136, 144-48 (S.D.N.Y. 2001) (finding that claim against home health care provider was misjoined with claims against drug manufacturer); *In re Rezulin Prod. Liab. Litig.,* 2003 WL 21276425, No. 00 CV 2843, at *1-*2 (LAK) (S.D.N.Y.

June 2, 2003) (attached as **Exhibit C**) (finding non-diverse physician fraudulently misjoined with claims against drug manufacturer where basis of claim against physician was failure to diagnose alleged liver dysfunction, while basis of claim against manufacturer went "principally to the safety and efficacy of the drug and ha[d] little if anything to do with the malpractice claim."); *Lee v. Mann*, 2000 WL 724046, No. LE-424-1 (Va. Cir. Ct. Apr. 5, 2000) (attached as **Exhibit D**) (upholding finding of misjoinder of claims against physician and pharmaceutical manufacturer for injuries allegedly received from the use of a diet medication).

    e. By tacking the claims against the Physician Defendants onto plaintiff's Petition, plaintiff is attempting to rely on the unrelated claims against the Physician Defendants to stay in state court and bypass 28 U.S.C. § 1441. This Court should not permit plaintiff to prevail on such attempts to manipulate the removal statute. The Court should dismiss plaintiff's claims against the Physician Defendants without prejudice under Fed. R. Civ. P. 21, permitting plaintiff to refile his claims against the Physician Defendants separately, and retain jurisdiction over the claims against Lilly. *See In re Rezulin*, 168 F. Supp. 2d at 148 (severing misjoined parties "for purposes of maintaining defendant's right to removal"); *In re Rezulin*, 2003 WL 21276425, at *1 (remanding fraudulently misjoined claim against non-diverse physician and otherwise denying motion to remand).

## CONSENT TO REMOVAL

  9. Defendant Janssen Pharmaceutica, L.P. and Defendant Bristol-Myers Squibb consent to removal. (*See* **Exhibits E and F**.)

  10. It is well-established that the consent of the Physician Defendants, fraudulently misjoined and fraudulently joined defendants, is not required. *See, e.g., Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("application of this requirement [of consent] to *improperly or fraudulently joined* parties would be nonsensical, as removal in those cases is

-6-

based on the contention that no other proper defendant exists") (emphasis added); *Palmquist v. Conseco Medical Ins. Co.*, 128 F.Supp.2d 618, 621 n.2 (S.D.S.D. 2000)("the 'unanimity rule may be disregarded...where the defendant has been fraudulently joined'")(citing *Balazick v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995)).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

11. It is facially apparent that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. Plaintiff seeks unlimited compensatory and punitive damages arising from "severe, permanent and disabling injuries and related damages," that plaintiff alleges were caused by Zyprexa®. (Am. Petition at ¶¶ 50, 74, 75.) Punitive damages are included in the calculation of the amount-in-controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943). Given the foregoing, the face of the Petition makes clear that plaintiff seeks in excess of $75,000, exclusive of interest and costs. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks "compensatory and punitive damages" for alleged "serious and life-threatening medical conditions" and economic losses due to the use of a prescription medication).

## REMOVAL TO THIS COURT IS PROPER

12. The Circuit Court of the City of St. Louis, Missouri is located within the District Court of the United States, Eastern District of Missouri, Eastern Division. *See* 28 U.S.C. § 105. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

13. No previous application has been made for the relief requested herein.

## PLEADINGS AND PROCESS

14. As required by 28 U.S.C. § 1446(a), Lilly has attached copies of all state court process and pleadings to this Notice of Removal. (Attached as **Exhibit G**.)

## NOTICE GIVEN

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff and a copy is being filed with the Clerk of the Court for the Circuit Court of the City of St. Louis, Missouri.

WHEREFORE, notice is hereby given that Lilly removes this case from the Circuit Court of the City of St. Louis, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By _____
Jon A. Strongman, E.D. Bar # 118013
Andrew See, MO Bar #27325
John F. Kuckelman, MO Bar #51553

2555 Grand Blvd.
Kansas City, MO 64108-2613
816-474-6550
Fax: 816-421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

*Of Counsel*:
Nina M. Gussack
Andrew R. Rogoff
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
215-981-4000

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2005, a true and correct copy of the foregoing document was served via the Court's electronic notification system and/or via U.S. mail upon:

Todd S. Hageman
Simon Passanante, P.C.
701 Market Street, Suite 1450
St. Louis, MO 63101
314-241-2929
Fax: 314-241-2029

Kenneth T. Fibich
Fibich, Hampton, Leebron, L.L.P.
Five Houston Center
1401 McKinney, Suite 1800
Houston, TX 77010
713-751-0025
Fax: 713-751-0030

**ATTORNEYS FOR PLAINTIFF**

Jennifer Kingston
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
314-259-2000
Fax: 314-259-2020

**ATTORNEY FOR DEFENDANT JANSSEN PHARMACEUTICA, L.P.**

Lucy Unger
Williams, Venker & Sanders LLC
10 South Broadway, Suite 1600
St. Louis, MO 63102
314-345-5000
Fax: 314-345-5055

**ATTORNEY FOR DEFENDANT BRISTOL MYERS SQUIBB CO.**

_____
Attorney for Defendant Eli Lilly and Company

1786247v1